JOHN ELLIS (No. 59328)
Jellis@ellislegal.com
ELLIS LEGAL P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Telephone: 312.967.7629

Attorneys for Defendants
PAR-A-DICE GAMING CORPORATION
BOYD GAMING CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PRUITT, AUDREY PRUITT, and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PAR-A-DICE HOTEL CASINO, BOYD GAMING CORPORATION, and any and all other affiliated or subsidiary entities,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS PAR-A-DICE HOTEL CASINO AND BOYD GAMING CORPORATION'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1446(d)]<br><br>[Tazewell County Tenth Circuit Court Case No. 2020-L-000003] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF ILLINOIS:

PLEASE TAKE NOTICE that Defendants Par-A-Dice Gaming Corporation d/b/a Par-A-Dice Hotel Casino ("Par-A-Dice") and Boyd Gaming Corporation ("Boyd") hereby remove this action from the Circuit Court for the Tenth Judicial Circuit of Illinois, County of Tazewell to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

**Procedural History and Timeliness of Removal**

1. On January 14, 2020, Plaintiffs Scott Pruitt and Audrey Pruitt (collectively, "Plaintiffs"), purportedly on behalf of themselves and all others similarly situated, filed a civil

1

action in the Tenth Circuit Court of Illinois, Tazewell County entitled *Scott Pruitt et al. v. Par-A-Dice Hotel Casino et al.*, Case No. 2020-L-000003. (Ex. 1, Declaration of John Ellis in Support of Defendants' Notice of Removal ("Ellis Decl.") ¶ 2, Ex. A.) On January 28, 2020, Plaintiffs filed their First Amended Class Action Complaint ("Complaint"). (Ex. 1, Ellis Decl., ¶ 3, Ex. B.)

2. On January 30, 2020, Plaintiffs apparently attempted to serve the Complaint on Defendants by delivering a copy to the Par-A-Dice property in East Peoria, Illinois. (Ex. 2, Declaration of Cori Rutherford in Support of Defendants' Notice of Removal ("Rutherford Decl.") ¶ 3.) Although Defendants reserve all rights to challenge the Complaint on the grounds of improper service, in all events, Defendants' Notice of Removal is timely. *See* 28 U.S.C. § 1446(b) (removal is timely if filed within 30 days of defendant's receipt of the pleading).

**Basis for Removal Jurisdiction**

3. Generally. The action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), for at least the following reasons:

4. Covered Class Action. Plaintiffs purport to bring a class action on behalf of "[a]ll individuals who had their facial geometry scans collected or possessed by Defendant [*sic*] in Illinois between October 15, 2014 and the present (the "Class")." (Compl. ¶ 25.) Plaintiffs allege that the Class "comprises tens, if not hundreds, of thousands of members". (*Id.* ¶ 26.) This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).

5. Diversity. The minimal diversity standard of the CAFA is met as long as any defendant is a citizen of a state different from any member of the putative class of plaintiffs. 28 U.S.C. § 1332(d)(2)(A). As of the date the complaint was filed in the Tenth Circuit Court of Illinois, Tazewell County, and as of the date of this removal, Boyd is a Nevada corporation with its principal place of business in Nevada. (Rutherford Decl. ¶ 5.) Plaintiffs allege that they are citizens of Illinois. (Compl. ¶ 14.) Accordingly, this action satisfies the diversity requirements of the CAFA. 28 U.S.C. § 1332(d)(2)(A).

6. <u>Amount in Controversy – Alleged Damages</u>. This Court has original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id*. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy requirement is met. *Id*. § 1332(d)(6).

7. Plaintiffs allege that Defendants violated Illinois's Biometric Information Privacy Act ("BIPA"). (Compl. ¶ 10.) *See* 740 Ill. Comp. Stat. § 14/1 *et seq*. The complaint alleges two causes of action for these violations. (Compl. ¶¶ 31–43.) *See* 740 Ill. Comp. Stat. § 14/15(a), (b).

8. Plaintiffs allege that they visited Defendants' Par-A-Dice casino (the "Casino") in January 2020. (Compl. ¶¶ 4–5 20–21.) Plaintiffs further allege that "Defendants' facial recognition technology scanned [their] facial geometry from security camera footage and stored a facial geometry template for Plaintiffs." (*Id.* ¶ 22; *see id.* ¶¶ 2–3.) According to the complaint, Defendants obtained and stored these facial geometry scans without adhering to the consent and disclosure requirements of BIPA. (*Id.* ¶¶ 10, 23–24.)

9. Defendants dispute Plaintiffs' allegations and dispute that they are liable to Plaintiffs or to the putative class. A plain reading of the complaint, however, demonstrates that the amount in controversy exceeds $5,000,000 for purposes of removal. The complaint alleges penalties of $1,000 for each negligent violation of BIPA, $5,000 for each intentional or reckless violation of BIPA (*see* 740 Ill. Comp. Stat. § 14/20), injunctive relief, and attorney's fees. (Compl. ¶¶ 36, 43.)

10. As demonstrated by the attached Declaration of Cori Rutherford, between January and November 2019, a total of 638,620 patrons entered the Casino. (Rutherford Decl. ¶ 4.) Plaintiffs conclusorily allege that Defendants' facial recognition technology "scans . . . individuals['] facial geometry." (Compl. ¶ 3.) Although Plaintiffs do not specify the precise number of patrons they allege had their facial geometry scanned, Plaintiffs allege a class size of at least 10,000 individuals (alleging that the class "comprises tens, if not hundreds, of thousands of members"). (*Id.* ¶¶ 25–26.) Even if the putative class contained the minimum number of individuals alleged by Plaintiffs, under Plaintiffs' theory that $1,000 or $5,000 should be awarded to each putative class member, the amount in controversy for the claims of those class members

would exceed $5,000,000. To the extent that Plaintiffs purport to claim that every patron who entered Par-A-Dice is a member of the putative class, based on the statutory penalties sought by Plaintiffs, the amount in controversy for the claims of those class members who entered the casino between January and November 2019 alone exceeds $5,000,000. (*Id.* ¶ 25; *see* Ex. 2, Rutherford Decl. ¶ 4.)

11. <u>Matter in Controversy – Attorney's Fees</u>. Plaintiffs also seek an award of attorneys' fees. (*Id.* ¶¶ 36, 43.) This amount should be included in determining the amount in controversy. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014).

12. <u>No CAFA Exclusions</u>. Plaintiffs have not met their burden to show that this action falls within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d). *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).

**Notice to State Court**

13. A copy of this Notice of Removal was filed with the Clerk of the Tenth Circuit Court of Illinois, Tazewell County. (*See* Ex. 1, Ellis Decl. ¶ 4, Ex. C, attaching without exhibits the state court removal notice.)

**Intradistrict Assignment**

14. Assignment of this action to the Peoria Division of the United States District Court for the Central District of Illinois is appropriate because this action was originally filed in the Tenth Circuit Court of Illinois, Tazewell County.

Accordingly, Defendants respectfully submit that this action is removed properly pursuant to the Class Action Fairness Act.

1 | Dated: March 2, 2020     JOHN ELLIS
2 |                          ELLIS LEGAL P.C.
3 |
4 |                          By:  /s/John C. Ellis
5 |                               John C. Ellis
6 |                          Attorneys for Defendants
7 |                          PAR-A-DICE GAMING CORPORATION
8 |                          BOYD GAMING CORPORATION

5

DEFENDANTS' NOTICE OF REMOVAL

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on March 2, 2020, a true and correct copy of the foregoing document was served via email, upon the following:

Nathaniel A. Frenkel
nathanielafrenkel@gmail.com
77 W. Washington St.
Ste. 1514
Chicago, IL 60606

Steven R. Smith
Stevensmithlaw88@gmail.com
5514 N. Wayne Ave.
Chicago, IL 60640

                                                                  /s/ John C. Ellis
                                                                Attorney for Defendants

John C. Ellis
ELLIS LEGAL P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 976-7629
jellis@ellislegal.com

6

DEFENDANTS' NOTICE OF REMOVAL