E-FILED
Monday, 02 March, 2020  09:44:55 PM
Clerk, U.S. District Court, ILCD

JOHN ELLIS (No. 59328)
Jellis@ellislegal.com
ELLIS LEGAL P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Telephone: 312.967.7629

Attorneys for Defendants
PAR-A-DICE GAMING CORPORATION
BOYD GAMING CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PRUITT, AUDREY PRUITT, and all other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> PAR-A-DICE HOTEL CASINO, BOYD GAMING CORPORATION, and any and all other affiliated or subsidiary entities, <br><br> Defendants. | Case No. _____ <br><br> **DECLARATION OF JOHN ELLIS IN SUPPORT OF DEFENDANTS PAR-A-DICE HOTEL CASINO AND BOYD GAMING CORPORATION'S NOTICE OF REMOVAL** <br><br> [Tazewell County Tenth Circuit Court Case No. 2020-L-000003] |

I, John Ellis, hereby declare as follows:

1.      I am a member of the Bar of the State of Illinois and a partner in the law firm of Ellis Legal P.C., counsel of record for Defendants Par-A-Dice Gaming Corporation d/b/a Par-A-Dice Hotel Casino ("Par-A-Dice") and Boyd Gaming Corporation in the above-captioned action. I have personal knowledge of the matters set forth below and, if called upon to do so, I could and would testify competently thereto.

2.      Attached to this Declaration as **<u>Exhibit A</u>** is a true and correct copy of the civil action filed by Plaintiffs Scott Pruitt and Audrey Pruitt, purportedly on behalf of themselves and all others similarly situated, in the Tenth Circuit Court of Illinois, Tazewell County, entitled *Scott Pruitt et al. v. Par-A-Dice Hotel Casino et al.*, Case No. 2020-L-000003.

1

3.      Attached hereto as **<u>Exhibit B</u>** is a true and correct copy of the First Amended Class Action Complaint filed by Plaintiffs in the Tenth Circuit Court of Illinois, Tazewell County.

4.      Attached hereto as **<u>Exhibit C</u>** is a true and correct copy of the Notice of Removal (without exhibits) that was filed in the Tenth Circuit Court of Illinois, Tazewell County.

I declare under penalty of perjury, under the laws of the State of Illinois and the United States of America, that the foregoing is true and correct.

Executed this 2nd day of March, 2020 in Chicago, Illinois.

By:    /s/John C. Ellis

Declaration of John Ellis ISO Defendants' Notice of Removal
sf-4193067

Exhibit A

FILED
1/14/2020 4:29 PM
TAZEWELL COUNTY CIRCUIT CLERK
TENTH JUDICIAL CIRCUIT OF ILLINOIS
REVIEWED BY: JY

# IN THE CIRCUIT COURT OF TAZEWELL COUNTY

Scott Pruitt, Audrey Pruitt, and all other
similarly situated individuals

       Plaintiffs,

v.

Par-a-Dice Hotel-Casino, Boyd Gaming
Corporation, and any and all other affiliated
or subsidiary entities

       Defendant.

No: _____2020-L-000003_____

THIS CASE IS SET FOR A MANAGEMENT CONFERENCE
ON ___July 16___, __2020__
AT __9:15__ AM PM IN COURTROOM __308__
OF
IF THE DEFENDANT(S) ANSWER(S) MORE THAN 35 DAYS
BEFORE THIS DATE, THEN THE PARTIES SHALL
SCHEDULE A CASE MANAGEMENT CONFERENCE WITHIN
35 DAYS OF THE DATE THE ANSWER'S PLED.

## CLASS ACTION COMPLAINT

Scott and Audrey Pruitt (hereinafter collectively known as the "Plaintiffs") file this Class

Action Complaint against Par-a-Dice Hotel-Casino, Boyd Gaming Corporation, and any and all

other affiliated or subsidiary entities (hereinafter collectively known as the "Defendants") for

violations of the Illinois Biometric Information Privacy Act 740 ILCS/14 and Public Act 095-

994 ("BIPA") (the "Act").

## SUMMARY OF CLAIMS

1. Defendant Boyd Gaming Corporation owns and operates the Par-a-Dice Hotel Casino
in East Peoria, Illinois.

2. The Defendants use facial recognition in its video surveillance casino.

3. The Defendants' facial recognition devices and associated software scans the faces of individuals facial geometry, and then, among other actions, compares that scan to the files it has stored in their internal database

4. The Plaintiffs visited the Par-a-Dice Hotel-Casino on Friday evening January 3, 2020.

5. The Plaintiffs learned that biometric software was being used, and their facial geometry was scanned via the facial recognition cameras used by the Defendants that employ facial recognition software.

6. Facial geometry is a *unique* and *personal* identifier.

7. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, such as facial geometry and other unique identifiers clearly cannot be changed when compromised, and in turn realized that individuals are at a heightened risk a victim of identity theft to heightened risk of loss.

8. As a result, the State of Illinois restricted private entities, like the Defendants, collecting storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed consent procedures and data retention/destruction policies.

9. Defendant collected, stored and used the unique biometric facial geometry identifiers, or identifying information derived from facial geometry, of the Plaintiffs and others similarly situated without following the detailed requirement of BIPA.

10, As a result, Plaintiffs and others similarly situated lost the right to control their biometric identifiers and information.

## JURISDICTION AND VENUE

11. This Court has personal jurisdiction over the Defendant's pursuant to 735 ILCS 5/2-209(a)(1) and (c)  because, during the relevant period, the Defendants conducted business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

12. Tazewell County is an appropriate venue for this litigation because Defendant does business there, and committed the statutory violations alleged in this Complaint in Tazewell County.

## THE PARTIES

13. Plaintiffs are individuals who are citizens of Illinois.

14. The Defendants conduct business in Illinois and benefit from that relationship through their derivation of profits.

## REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT

15. In enacting BIPA, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public would benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f) -(g).

16. The Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

17. Relatedly, the Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual in writing of the following: (a) that the private entity is collecting biometric identifier or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1(-(2).

18. Further, the Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

## BACKGROUND FACTS

19. The Plaintiffs visited Par-a-Dice Hotel Casino on Friday evening January 3, 2020.

20. The Defendants' facial recognition technology scanned the Plaintiffs facial geometry from security camera footage[1] and stored a facial geometry template for Plaintiffs.

21. The Defendants failed to inform the Plaintiffs in writing that it was collecting their biometric identifiers or information, the purpose and length of term for such collection, and failed to obtain their written consent *before* Defendant collected their facial geometry scans.

22. The Defendants never established or followed a publicly available written policy establishing a retention schedule and guidelines for permanently destroying scans of Plaintiffs' facial geometry.

---

[1] These are cameras that employ facial recognition technology and its associated software to identify individuals' facial geometry.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs seek to represent the following class:

All individuals who had their facial geometry scans collected or possessed by Defendant in Illinois between October 15, 2014 and the present (the "Class").

24. The members of the class are so numerous that joinder of all members is impractical.  Based on the investigation by his counsel, Plaintiffs reasonably believes= that the class comprises tens, if not hundreds, of thousands of members. The exact number of persons the class can be determined from records maintained by the Defendants.

25. Common questions of law and fact exist as to the class, including, but not limited to: whether Defendants used facial recognition technology at its Illinois casino; whether Defendants collected and/or possessed the Class's "biometric identifiers" or "biometric information" through the use of facial recognition technology at Par-a-Dice Hotel Casino; and whether Defendants complied with the procedures in the Act. These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

26. The Plaintiffs, the members of the Class, and the Defendants have a commonality of interest in the subject matter of the lawsuit and remedies sought.

27. The Plaintiffs will fairly and adequately protect the interests of the members of the class. The Plaintiffs have retained competent counsel experienced in class action litigation in state and federal courts nationwide and Plaintiffs have no interest adverse to any member of the Class. Plaintiffs intend to prosecute this case vigorously on behalf of themselves and the Class.

28. A class action is an appropriate method for the fair and efficient adjudication of the controversy pursuant to 735 ILCS 5/2-801(4) because it involves a uniform course of conduct equally applicable to the Plaintiffs and all members of the Class. A class action can therefore best secure the economies of time, effort and expense or accomplish the other ends of equity and justice that this action seeks to obtain.

## COUNT I

**Violation of the Biometric Information Privacy Act (740 ILCS 14/15 (b))**

**(Class Action)**

29. The Plaintiffs reallege and incorporate the previous allegations of this Complaint.

30. The Defendants are "private entit[ies]" as defined within BIPA.

31. The Plaintiffs and the Class's facial geometry scans qualify as "biometric identifiers" as defined by the Act. The Defendants have "biometric information" from the Plaintiffs and Class through its acquisition and retention of identifying based on the Plaintiffs and the Class's facial geometry scans.

32. The Defendants violated the Act by capturing or collecting the Plaintiffs' and the Class's facial geometry scans and identifying information based on those scans without *first* informing them in writing of the purpose of the Defendants doing so and the length of time the Defendants would store and use the Plaintiffs' and Class's biometric identifiers and /or biometric information.

33. Unlike other companies in Illinois, the Defendants failed to take notice and follow the requirements of the Act, even though the law was enacted in 2008 and numerous articles and court filings were published about the law's requirements before the Defendants committed the violations alleged in this Complaint.

34. As a result, Defendants' violations of BIPA were reckless or, in the alternative, negligent.

WHEREFORE, the Plaintiffs and the Class pray for a judgment against the Defendants as follows:

A.  Awarding liquidated or actual monetary damages, whichever is higher, to the Plaintiffs and the Class for each violation of BIPA.

B.  Enjoining the Defendant from committing further violations of BIPA.

C.  Awarding the Plaintiffs reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by BIPA; and

D.  Awarding such other and further relief as this Court deems appropriate and just as provided under BIPA.

## COUNT II

### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))

### Class Action

35. The Plaintiffs reallege and incorporate the previous allegations of the Complaint.

36. The Defendants are "private entit[ies]" under the Act.

37. The Plaintiffs and the Class's facial geometry scans qualify as "biometric identifier(s) as defined within BIPA.

38. The Defendants have "biometric information" from the Plaintiffs and the Class through its acquisition and retention of identifying based on Plaintiffs and the Class's facial geometry scans.

39. The Defendants violated BIPA by possessing the Plaintiffs' and the Class's facial geometry scans and identifying information based on those scans without creating and following a written policy, made available to the public establishing and following a retention schedule and destruction guidelines for their possession of biometric identifiers and information.

40. Unlike other companies in Illinois, the Defendants failed to take notice and follow the requirements of the Act, even though the law was enacted in 2008 and numerous articles and court filings were published about the law's requirements before the Defendants committed the violations alleged in this Complaint.

41. As a result, the Defendant's violations of BIPA were reckless or, in the alternative, negligent.

WHEREFORE, the Plaintiffs and the Class pray for a judgment against the Defendant as follows:

A.  Awarding liquidated or actual monetary damages, whichever is higher, to the Plaintiffs and the Class for each violation of BIPA.

B. Enjoining the Defendants from committing further violations of BIPA.

C. Awarding the Plaintiffs reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by BIPA; and

D.  Awarding such other and further relief as this Court deems appropriate and just as

provided under BIPA.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues that may be tried and decided by
jury.

Dated: 1/13/20


Respectfully Submitted,


/S/ *Nathaniel A. Frenkel*

Nathaniel A. Frenkel
*nathanielafrenkel@gmail.com*
77 W. Washington St.
Ste. 1514
Chicago, IL 60602

*Counsel of Record for Plaintiffs and Class*


/S/ *Steven R. Smith*

Steven R. Smith
*Stevensmithlaw88@gmail.com*
5514 N. Wayne Ave.
Chicago, IL 60640

*Counsels of Record for Plaintiffs and Class*

Exhibit B

FILED
1/28/2020 3:34 PM
TAZEWELL COUNTY CIRCUIT CLERK
TENTH JUDICIAL CIRCUIT OF ILLINOIS
REVIEWED BY: SK

# IN THE CIRCUIT COURT OF TAZEWELL COUNTY

| | |
|---|---|
| Anthony Scott Pruitt, Audrey Pruitt, and all other similarly situated individuals | |
| Plaintiffs, | |
| v. | No:  2019-L-000003 |
| Par-a-Dice Hotel-Casino, Boyd Gaming Corporation, and any and all other affiliated or subsidiary entities | |
| Defendant. | |

## PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Anthony Scott and Audrey Pruitt (hereinafter collectively known as the "Plaintiffs") file this Class Action Complaint against Par-a-Dice Hotel-Casino, Boyd Gaming Corporation, and any and all other affiliated or subsidiary entities (hereinafter collectively known as the "Defendants") for violations of the Illinois Biometric Information Privacy Act 740 ILCS/14 and Public Act 095-994 ("BIPA" or the "Act").

### SUMMARY OF CLAIMS

1. Defendant Boyd Gaming Corporation owns and operates the Par-a-Dice Hotel Casino in East Peoria, Illinois.

2. The Defendants use facial recognition in its video surveillance casino.

3. The Defendants' facial recognition devices and associated software scans the faces of individuals facial geometry, and then, among other actions, compares that scan to the files it has stored in their internal database

4. The Plaintiffs visited the Par-a-Dice Hotel-Casino on Friday evening January 3, 2020.

5. On January 22 and 23, 2020 the Plaintiffs stayed at the Par-a-Dice Hotel Casino.

6. The Plaintiffs learned that biometric software was being used, and their facial geometry was scanned via the facial recognition cameras used by the Defendants that employ facial recognition software.

7. Facial geometry is a *unique* and *personal* identifier.

8. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, such as facial geometry and other unique identifiers clearly cannot be changed when compromised, and in turn realized that individuals are at a heightened risk a victim of identity theft to heightened risk of loss.

9. As a result, the State of Illinois restricted private entities, like the Defendants, collecting storing, using, or transferring a person's biometric identifiers and information

without adhering to strict informed consent procedures and data retention/destruction policies.

10. Defendant collected, stored and used the unique biometric facial geometry identifiers, or identifying information derived from facial geometry, of the Plaintiffs and others similarly situated without following the detailed requirement of BIPA.

11. As a result, Plaintiffs and others similarly situated lost the right to control their biometric identifiers and information.

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over the Defendant's pursuant to 735 ILCS 5/2-209(a)(1) and (c)  because, during the relevant period, the Defendants conducted business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

13. Tazewell County is an appropriate venue for this litigation because Defendant does business there, and committed the statutory violations alleged in this Complaint in Tazewell County.

## THE PARTIES

14. Plaintiffs are individuals who are citizens of Illinois.

15. The Defendants conduct business in Illinois and benefit from that relationship through their derivation of profits.

## REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT

16. In enacting BIPA, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public would benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f) -(g).

17. BIPA prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

18. Relatedly, BIPA prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual in writing of the following: (a) that the private entity is collecting biometric identifier or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1(-(2).

19. Further, BIPA prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

**BACKGROUND FACTS**

20. The Plaintiffs visited Par-a-Dice Hotel Casino on Friday evening January 3, 2020.

21. On January 22 and 23, 2020 the Plaintiffs stayed at the Par-a-Dice Hotel Casino.

22. The Defendants' facial recognition technology scanned the Plaintiffs facial geometry from security camera footage[1] and stored a facial geometry template for Plaintiffs.

23. The Defendants failed to inform the Plaintiffs in writing that it was collecting their biometric identifiers or information, the purpose and length of term for such collection, and failed to obtain their written consent *before* Defendant collected their facial geometry scans.

---

[1] These are cameras that employ facial recognition technology and its associated software to identify individuals' facial geometry.

24. The Defendants never established or followed a publicly available written policy establishing a retention schedule and guidelines for permanently destroying scans of Plaintiffs' facial geometry.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs seek to represent the following class:

All individuals who had their facial geometry scans collected or possessed by Defendant in Illinois between October 15, 2014 and the present (the "Class").

26. The members of the class are so numerous that joinder of all members is impractical.  Based on the investigation by his counsel, Plaintiffs reasonably believes= that the class comprises tens, if not hundreds, of thousands of members. The exact number of persons the class can be determined from records maintained by the Defendants.

27. Common questions of law and fact exist as to the class, including, but not limited to: whether Defendants used facial recognition technology at its Illinois casino; whether Defendants collected and/or possessed the Class's "biometric identifiers" or "biometric information" through the use of facial recognition technology at Par-a-Dice Hotel Casino; and whether Defendants complied with the procedures in the Act. These common

questions of law and fact predominate over variations that may exist between members of

the Class, if any.

28. The Plaintiffs, the members of the Class, and the Defendants have a commonality of

interest in the subject matter of the lawsuit and remedies sought.

29. The Plaintiffs will fairly and adequately protect the interests of the members of the

class. The Plaintiffs have retained competent counsel experienced in class action

litigation in state and federal courts nationwide and Plaintiffs have no interest adverse to

any member of the Class.  Plaintiffs intend to prosecute this case vigorously on behalf of

themselves and the Class.

30. A class action is an appropriate method for the fair and efficient adjudication of the

controversy pursuant to 735 ILCS 5/2-801(4) because it involves a uniform course of

conduct equally applicable to the Plaintiffs and all members of the Class. A class action

can therefore best secure the economies of time, effort and expense or accomplish the

other ends of equity and justice that this action seeks to obtain.

## COUNT I

### Violation of the Biometric Information Privacy Act (740 ILCS 14/15 (b))

### (Class Action)

31. The Plaintiffs reallege and incorporate the previous allegations of this Complaint.

32. The Defendants are "private entit[ies]" as defined within BIPA.

33. The Plaintiffs and the Class's facial geometry scans qualify as "biometric identifiers" as defined by the Act. The Defendants have "biometric information" from the Plaintiffs and Class through its acquisition and retention of identifying based on the Plaintiffs and the Class's facial geometry scans.

34. The Defendants violated the Act by capturing or collecting the Plaintiffs' and the Class's facial geometry scans and identifying information based on those scans without *first* informing them in writing of the purpose of the Defendants doing so and the length of time the Defendants would store and use the Plaintiffs' and Class's biometric identifiers and /or biometric information.

35. Unlike other companies in Illinois, the Defendants failed to take notice and follow the requirements of the Act, even though the law was enacted in 2008 and numerous articles and court filings were published about the law's requirements before the Defendants committed the violations alleged in this Complaint.

36. As a result, Defendants' violations of BIPA were reckless or, in the alternative, negligent.

WHEREFORE, the Plaintiffs and the Class pray for a judgment against the Defendants as follows:

A.  Awarding liquidated or actual monetary damages, whichever is higher, to the Plaintiffs and the Class for each violation of BIPA.

B. Enjoining the Defendant from committing further violations of BIPA.

C. Awarding the Plaintiffs reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by BIPA; and

D. Awarding such other and further relief as this Court deems appropriate and just as provided under BIPA.

## COUNT II

### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))

### Class Action

37. The Plaintiffs reallege and incorporate the previous allegations of the Complaint.

38. The Defendants are "private entit[ies]" under the Act.

39. The Plaintiffs and the Class's facial geometry scans qualify as "biometric identifier(s) as defined within BIPA.

40. The Defendants have "biometric information" from the Plaintiffs and the Class through its acquisition and retention of identifying based on Plaintiffs and the Class's facial geometry scans.

41. The Defendants violated BIPA by possessing the Plaintiffs' and the Class's facial geometry scans and identifying information based on those scans without creating and following a written policy, made available to the public establishing and following a retention schedule and destruction guidelines for their possession of biometric identifiers and information.

42. Unlike other companies in Illinois, the Defendants failed to take notice and follow the requirements of the Act, even though the law was enacted in 2008 and numerous articles and court filings were published about the law's requirements before the Defendants committed the violations alleged in this Complaint.

43. As a result, the Defendant's violations of BIPA were reckless or, in the alternative, negligent.

WHEREFORE, the Plaintiffs and the Class pray for a judgment against the Defendant as follows:

A.  Awarding liquidated or actual monetary damages, whichever is higher, to the Plaintiffs and the Class for each violation of BIPA.

B.  Enjoining the Defendants from committing further violations of BIPA.

C.  Awarding the Plaintiffs reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by BIPA; and

D.  Awarding such other and further relief as this Court deems appropriate and just as

provided under BIPA.

**<u>JURY DEMAND</u>**

Plaintiffs hereby demand a trial by jury on all issues that may be tried and decided by jury.

Dated: 1/28/20


Respectfully Submitted,


/S/ *Nathaniel A. Frenkel*

Nathaniel A. Frenkel
*nathanielafrenkel@gmail.com*
77 W. Washington St.
Ste. 1514
Chicago, IL 60602

*Counsel of Record for Plaintiffs and Class*


/S/ *Steven R. Smith*

Steven R. Smith
*Stevensmithlaw88@gmail.com*
5514 N. Wayne Ave.
Chicago, IL 60640

*Counsels of Record for Plaintiffs and Class*

Exhibit C

**IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL CIRCUIT
TAZEWELL COUNTY, ILLINOIS**

| | | |
|---|---|---|
| SCOTT PRUITT, AUDREY PRUITT, and all<br>similarly situated individuals | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2020-L-000003 |
| v. | ) ) | |
| PAR-A-DICE HOTEL-CASINO<br>BOYD GAMING CORPORATION, and any<br>and all other affiliated or subsidiary entities | ) ) ) ) | |
| Defendants. | ) | |

**NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT**

Please take notice that Defendants have, on March 2, 2020, filed a Notice of Removal

with the Clerk of the United States District for the Central District of Illinois, to remove the

above-referenced cause, No. 20-L-000003, from the Circuit Court of Tazewell County to the

United States District Court for the Central District of Illinois.  A copy of Defendants' Notice of

Removal is attached hereto and marked as "Exhibit A."

Dated:  March 2, 2020                                   Respectfully submitted,

                                                         By: /s/ John C. Ellis
                                                              Attorney for Defendants


John C. Ellis
ELLIS LEGAL P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 976-7629
jellis@ellislegal.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on March 2, 2020, a true and correct copy of the foregoing document was served via email, upon the following:


Nathaniel A. Frenkel
nathanielafrenkel@gmail.com
77 W. Washington St.
Ste. 1514
Chicago, IL 60606

Steven R. Smith
Stevensmithlaw88@gmail.com
5514 N. Wayne Ave.
Chicago, IL 60640


                                             /s/ John C. Ellis
                                             Attorney for Defendants


John C. Ellis
ELLIS LEGAL P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 976-7629
jellis@ellislegal.com