JOHN ELLIS (No. 59328)
Jellis@ellislegal.com
ELLIS LEGAL P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Telephone: 312.967.7629

Attorneys for Defendants
PAR-A-DICE GAMING CORPORATION
BOYD GAMING CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PRUITT, AUDREY PRUITT, and all other similarly situated individuals,<br><br>          Plaintiffs,<br><br>  v.<br><br>PAR-A-DICE HOTEL CASINO, BOYD GAMING CORPORATION, and any and all other affiliated or subsidiary entities<br><br>          Defendants. | Case No.  1:20-cv-01084-JES-JEH<br><br>**DEFENDANTS PAR-A-DICE HOTEL CASINO AND BOYD GAMING CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[Fed. R. Civ. P. 12(b)(6)] |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiffs Scott Pruitt and Audrey Pruitt (collectively, "Plaintiffs") purport to assert claims based on Illinois's Biometric Information Privacy Act solely based on generic and conclusory allegations. With no specific factual allegations to support their claims, Plaintiffs cannot state a plausible claim under the two causes of action asserted.

Defendants Par-A-Dice Gaming Corporation ("Par-A-Dice") and Boyd Gaming Corporation ("Boyd") (collectively, "Defendants"), therefore move to dismiss this entire action filed by Plaintiffs pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. BACKGROUND

Plaintiffs allege in their First Amended Class Action Complaint (ECF No. 1-1) ("FAC" or "Complaint") that Defendants collect and store the biometric information of patrons to the Par-A-Dice Hotel Casino (the "Casino") without adhering to the requirements of Illinois's Biometric Information Privacy Act ("BIPA"). *See* 740 Ill. Comp. Stat. § 14/1 *et seq.*

Under the plain terms of BIPA, the statute regulates only certain activity related to "biometric identifiers and information." *Id.* § 14/5(g). Thus, to state a viable claim under BIPA, Plaintiffs must establish that Defendants collected and stored Plaintiffs' "biometric identifiers" or "biometric information." *Id.* § 14/15. Specifically, a biometric identifier means a "retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." *Id.* § 14/10.

According to the Complaint, Plaintiffs visited the Casino on January 3, 2020, and stayed there on January 22-23, 2020. (FAC ¶¶ 4-5.) Plaintiffs baldly assert, without any supporting factual allegations, that Defendants used facial recognition technology connected to security cameras in the Casino to extract and retain scans of their facial geometry. (*Id.* ¶¶ 2-3, 6, 10, 22, 34.) They seek to represent a class comprised of "[a]ll individuals who had their facial geometry scans collected or possessed by Defendant[s] in Illinois between October 15, 2014 and the present." (*Id.* ¶ 25.) Plaintiffs assert two causes of action, both based on Defendants' alleged collection and retention of Plaintiffs' facial geometry scans in violation of BIPA's disclosure and consent requirements. (*Id.* ¶¶ 33-34, 40-41.) *See* 740 Ill. Comp. Stat. § 14/15(a), (b). They seek

1

damages and injunctive relief. (*Id.* ¶¶ 36, 43.) *See* 740 Ill. Comp. Stat. § 14/20.

## II. PROCEDURAL HISTORY

Plaintiffs filed their Class Action Complaint on January 14, 2020 in the Tenth Circuit Court of Illinois, Tazewell County. Plaintiffs then filed their First Amended Class Action Complaint on January 28, 2020. Defendants timely filed a Notice of Removal (ECF No. 1) on March 2, 2020. *See* 28 U.S.C. § 1446(b). On March 4, 2020, Defendants filed an Agreed Motion for Extension of Time to Answer or Otherwise Plead. (ECF No. 2.) The Court granted the motion on March 5, 2020.

On April 10, 2020, following discussions with Plaintiffs' counsel regarding the allegations in the Complaint and Defendants' defenses to all claims, Defendants filed a second Motion for Extension of Time to Answer or Otherwise Plead. (ECF No. 3.) The Court granted the motion on April 14, 2020, and extended Defendants' deadline to April 29, 2020.

## III. ARGUMENT

### A. Standard of Review

"[A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint will not suffice "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alterations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Rule 8(a)(2) requires a plaintiff to state more than raw guesswork to survive a Rule 12(b)(6) challenge." *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 472 (7th Cir. 2020). Plaintiffs must do more than "merely parrot the statutory language of the claims that they are pleading." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

### B. Plaintiffs Fail to State a Plausible Claim Regarding Defendants' Alleged Collection of Facial Geometry Scans.

Plaintiffs make no allegations that serve to "raise [their] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. They do not allege, for example, that they have actually witnessed any use of facial recognition technology by any of Defendants' employees; that any Casino employee (or anyone else) has ever identified them or attempted to identify them on the basis of their facial geometry scans; that they have seen any database or other medium for storing patrons' biometric information; or ***any*** other factual allegations that might lend support to their claims. *See Kaye v. D'Amato*, 357 F. App'x 706, 713 (7th Cir. 2009) (affirming dismissal of a bribery claim where the plaintiff "fail[ed] to allege even a single communication between [two of the defendants] or *any other fact which would support a reasonable inference* of an illicit agreement" and the claims "were wholly unsupported by factual allegations sufficient to meet the *Twombly* standard" (emphasis added)). The present Complaint, based solely on Defendants' alleged use of security cameras (*see* FAC ¶¶ 6, 22), is "wholly unsupported by factual allegations," and cannot state a claim under BIPA. *Kaye*, 357 F. App'x at 713; *see Iqbal*, 556 U.S. at 678.

Courts in the Seventh Circuit have routinely granted motions to dismiss in a similar vacuum of factual allegations. In *Taha*, the plaintiff sued his union for breach of its duty to "fairly represent all employees in their bargaining units." 947 F.3d at 467. A breach of the duty occurs when "a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 470 (citation omitted). The plaintiff asserted arbitrary

conduct and bad faith claims. *Id.*

The Seventh Circuit affirmed the district court's dismissal of the plaintiff's bad faith claim on the ground that he "never elevate[d] [it] from speculative to plausible." *Id.* at 472. The plaintiff "press[ed] only one fact to support his charge of bad faith conduct" and offered nothing more than a "sheer possibility" of unlawful conduct, thus failing to "nudge [his] claim[] across the line from conceivable to plausible." *Id.* (quoting *Twombly*, 550 U.S. at 570) (alterations omitted). Plaintiffs here, too, "press[] only one fact" to support their claim, namely, Defendants' alleged use of security cameras. *Id.* Without more, it is "just as likely" that Defendants ***do not*** use facial recognition technology because the mere use of a security camera says nothing about whether Plaintiffs' "facial geometry" was scanned. *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 738 (7th Cir. 2017). Plaintiffs' conclusory allegations that their facial geometry was scanned amount to nothing more than "raw guesswork" and cannot sustain a BIPA claim. *Taha*, 947 F.3d at 472.

Likewise, in cases specifically involving BIPA claims, courts have dismissed similar claims based on speculative and conclusory allegations. In *Namuwonge v. Kronos, Inc.*, the plaintiff, a utility worker at Brookdale Senior Living, Inc. ("Brookdale"), allegedly was required to enroll in a database system, supplied by Kronos, Inc. ("Kronos"), which scanned fingerprints as a means of authenticating and monitoring time worked. 418 F. Supp. 2d 279, 282 (N.D. Ill. 2019). Brookdale allegedly stored the plaintiff's fingerprint data in this database. *Id.* The plaintiff brought a putative class action lawsuit alleging *inter alia* "on information and belief that Brookdale failed to inform her that they disclosed her fingerprint data to Kronos, which in turn disclosed her fingerprints to other third parties that host the data." *Id.* at 285. The Court concluded that it could not "allow [the plaintiff] to proceed on such speculative allegations," and granted the motion to dismiss. *Id.*

Plaintiffs in the present case have similarly failed to plead "sufficient factual allegations that plausibly suggest" that Defendants collected or stored Plaintiffs' facial geometry scans, and therefore cannot "proceed on such speculative allegations." *Id.* The Complaint offers no basis for the Court "to draw the reasonable inference that [D]efendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). It gives rise to nothing more

than a "sheer possibility" that Defendants use facial recognition technology at all. *Id.*

Beyond Plaintiffs' "naked assertions," *id.*, the Complaint contains no factual allegations to support the claim that Defendants collected and retained Plaintiffs' facial geometry scans.[1] The allegation that Defendants use security cameras (FAC ¶¶ 6, 22) is insufficient to state a claim that Defendants impermissibly captured Plaintiffs' *biometric information*. *Iqbal*, 556 U.S. at 678. Were that held to be the case, any private entity using any surveillance video camera would be exposed to potential liability under BIPA. Plaintiffs' allegations fail to "nudge [their] 'claims across the line from conceivable to plausible.'" *Flint v. Belvidere*, No. 11 C 50255, 2012 WL 470113, at *4 (N.D. Ill. Feb. 13, 2012) (quoting *Twombly*, 550 U.S. at 570). The Complaint should be dismissed in its entirety.

### IV. CONCLUSION

For these reasons, Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: April 29, 2020

JOHN ELLIS
ELLIS LEGAL P.C.

By: /s/ John C. Ellis
John C. Ellis

Attorneys for Defendants
PAR-A-DICE GAMING CORPORATION
BOYD GAMING CORPORATION

---

[1] For example, Plaintiffs' Complaint falls far short of the necessary allegations to state a plausible claim, including how Defendants used the facial recognition technology and when. *See, e.g.*, *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1090-91 (N.D. Ill. 2017) (plaintiffs pleaded that photographs of them were uploaded automatically to Google Photos, that Google scanned the photographs to create unique face templates, and that Google then used the templates to identify their gender, age, race, and location, and to find and group together other photographs of them).