UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PRUITT and AUDREY PRUITT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PAR-A-DICE HOTEL CASINO, BOYD ) <br> GAMING CORPORATION, and any and ) <br> all other affiliated or subsidiary entities, ) <br> ) <br> Defendants. ) | Civil Action No. 1:20-cv-1084-JES-JEH |

## ORDER AND OPINION

This matter is now before the Court on Defendants Par-A-Dice Hotel Casino and Boyd Gaming Corporation's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 4. Plaintiffs Scott Pruitt and Audrey Pruitt filed a Response (Doc. 6), and Defendants were granted leave to file a Reply (Doc. 8). For the following reasons, Defendants' Motion is DENIED.

### BACKGROUND

Plaintiffs filed this case in the Tenth Circuit Court of Illinois, Tazewell County on January 14, 2020, claiming Defendants Par-A-Dice Hotel Casino and Boyd Gaming Corporation (collectively "Defendants") violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq* ("BIPA"). Doc. 1, at 1, 3. Defendants removed this case to federal court on March 3, 2020 pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. *Id.* at 1.

For the purpose of resolving this Motion, the Court takes the following factual allegations from Plaintiffs' Amended Complaint (Doc. 1-1, at 17-27) as true. Plaintiffs allege Defendants "use facial recognition in its video surveillance casino [*sic*]." Doc. 1-1, at 17. Plaintiffs claim the facial recognition devices and associated software scan "the faces of individuals facial geometry

1

[*sic*]" and then compares the scans to those stored in an internal database. *Id.* at 18. Plaintiffs visited Par-A-Dice Hotel-Casino on the evening of January 3, 2020, and then stayed there on January 22-23, 2020. *Id.* Plaintiffs learned Defendants were using biometric software and their facial geometry was scanned "via the facial recognition cameras." *Id.* Plaintiffs allege Defendants collected, stored and used the unique facial geometry identifiers of Plaintiffs and of others similarly situated, without following the requirements of BIPA. *Id.* at 19.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

BIPA was enacted in 2008 to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). A "biometric identifier" is defined as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." *Id.* at § 10. "Biometric information" is "any information, regardless of how it

is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* BIPA provides a right of action for any individual aggrieved by a private entity that either negligently, intentionally, or recklessly violates a provision of the Act. *Id.* at § 20.

The issue currently before the Court is whether Plaintiffs satisfied the pleading standards for their BIPA claim against Defendants. Defendants argue the Amended Complaint fails to state a claim because it is based "solely on Defendants' alleged use of security cameras" and it is wholly unsupported by factual allegations. Doc. 5, at 4. Defendants contend that merely claiming a business used security cameras is insufficient to state a claim under BIPA and, as such, insufficient to accuse Defendants of collecting and storing biometric information. *Id.* at 6. Conversely, Plaintiffs argue they provided sufficient well-pled facts to support their claim by alleging Defendants utilized biometric-capable devices and associated software and that Defendants violated BIPA when they failed to inform Plaintiffs in writing or obtain consent to collect their biometric data. Doc. 6, at 5. Plaintiffs argue that requiring them to plead more detail would require Plaintiffs to prove their case from the outset of the litigation. *Id.* Rather, Plaintiffs contend they must be allowed to the opportunity to conduct discovery to further develop a factual basis to support the cause of action. *Id.* at 10.

The parties cite the cases below to support their respective arguments; however, these cases are distinguishable from the instant case because there is no debate about whether the plaintiffs properly pled that the defendants had the capability to collect biometric identifiers. In *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654 (Jan. 25, 2019); *Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279 (N.D. Ill. Nov. 22, 2019); *Figueroa v. Kronos Inc.*, No. 19 C 1306, 2020 WL 1848206 (N.D. Ill. Apr. 13, 2020); and *Neals v. PAR Tech. Corp.*,

419 F. Supp. 3d 1088 (N.D. Ill. 2019), it was undisputed that the defendants used fingerprint scanners and those cases concerned whether the defendants had obtained consent or provided a retention schedule and guidelines for the destruction of biometric data. Likewise, in *Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015), and *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017), there was little debate that the defendants, Shutterfly and Google, had the capability to collect biometric identifiers because those companies both admitted publicly to creating or using software which is capable of doing just that.

This case is distinct from those discussed above in that Plaintiffs do not allege Defendants admitted publicly to using software or equipment with the capability to collect and store biometric identifiers. Plaintiffs allege they "learned that biometric software was being used, and that their facial geometry was scanned via the facial recognition cameras used by the Defendants." Doc. 1-1, at 18. They do not state how they learned the cameras were collecting biometric identifiers. However, Plaintiffs still meet the burden of a proper pleading.

Plaintiffs do not need to allege specific facts as Defendants suggest. *See Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Rather, a plaintiff generally need only assert details enough to put the other party on fair notice of the nature and basis of the claim. Fed. R. Civ. P. 8(a)(2); *see also Swanson*, 614 F.3d at 404. The Seventh Circuit has recommended courts consider what ought to constitute fair notice, how much detail the plaintiff could possibly give, and how pleadings ought to be expected to signal the type of litigation. *Swanson*, 614 F.3d at 404.

The Court is not persuaded by the argument that "any private entity using any surveillance video camera would be exposed to potential liability under BIPA" if the Court rules in favor of Plaintiffs. Doc. 5, at 6. It may not be plausible to allege that *any* business which uses surveillance

video cameras is violating BIPA. Instead, the nature of the business must be considered. While it is possible that a gas station or retail store could have the capability to collect and store facial geometry scans, the complaint may need to allege more than the use of surveillance cameras to push it over the line from conceivable to plausible. On the other hand, it is entirely plausible for a casino, a business which deals with significant amounts of money and usually has extensive security measures in place, to invest in biometric-identifying equipment. In this case, it is entirely plausible that Defendants used biometric identifying equipment. The plausibility test will continue to be the measure used to determine whether a BIPA claim survives a motion to dismiss until a higher authority provides guidance on BIPA pleading standards, including the level of technical detail required in a complaint.

While a complaint must contain more than a general recitation of the elements for a cause of action, the complaint need not contain every single fact that would support the claim. *See Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010). In this case, Defendants are on notice about the basis for Plaintiffs' BIPA claim: Defendants allegedly used video surveillance cameras to conduct facial geometry scans of Plaintiffs and others without their consent. This is plausible considering the nature of Defendants' business. At this stage in the litigation, Plaintiffs need not provide detail on how they knew Defendants were conducting facial geometry scans or plead technical details about the devices or software used. If Defendants are not using equipment that collects and stores biometric identifiers, then it will come to light through discovery and this matter can be disposed of by summary judgment.

## CONCLUSION

For the reasons set forth above, Defendants Par-A-Dice Hotel Casino and Boyd Gaming Corporation's Motion [4] to Dismiss is DENIED.

Signed on this 31st day of August, 2020.

                                        s/James E. Shadid
                                        James E. Shadid
                                        United States District Judge